THIRD NAT. BANK OF ST. LOUIS *v.* HARRISON and another.

*(Circuit Court, E. D. Missouri.*   September 22, 1881.)

STATUTES—CONSTRUCTION OF—REPEAL BY IMPLICATION.

    An earlier statute is only repealed by a later one when their provisions cannot be reconciled.

2. SAME—SAME.

    A later statute which is general and affirmative in its provisions will not abrogate a former one which is particular or special.

3. SAME—SAME.

    An exposition of a statute which will revoke or alter by construction of general words a previous general statute should not be adopted where the words may have their proper operation without it.

4. ACT OF MARCH 3, 1875, CONSTRUED.

    The act of March 3, 1875, " to determine the jurisdiction of the circuit courts of the United States, to regulate the removal of causes from the state courts, and for other purposes," did not repeal chapter 10, § 629, of the Revised Statutes.

5. JURISDICTION OF CIRCUIT COURTS IN NATIONAL BANK CASES—REV. ST. § 629, c. 10.

    Circuit courts have jurisdiction over suits by or against national banks without regard to the questions in controversy.

6. SAME—REV. ST. § 740.

    Where there are two districts in a state a national bank may bring a suit not of a local nature in the circuit court of the one in which it is located against two or more defendants, one or more of whom reside in the other district, if one of them resides in the district in which suit is brought.

This is an action brought by the plaintiff, a corporation organized under the national banking act, against the defendants to recover judgment upon a certain promissory note executed by the defendant Harrison to his co-defendant Alexander, and by the latter assigned to the plaintiff. The plaintiff is a national bank, located in the city of St. Louis, Missouri, and the defendants are citizens of the state of Missouri, the defendant Harrison being a citizen of the western district thereof. Upon these facts the defendant Harrison moves to dismiss the cause for want of jurisdiction.

*Dyer & Ellis,* for plaintiff.

*Alexander Graves,* for defendant.

McCRARY, C. J., *(orally.)* It is insisted by counsel for defendant —*First,* that this court has no jurisdiction in the case under the act of congress, approved March 3, 1875, entitled "An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes," which act, it is insisted, repeals all prior acts upon the subject of the jurisdiction of the circuit courts, including the provision

authorizing suits therein by national banks. I am of the opinion that the jurisdiction in this case cannot be maintained under the act of March 3, 1875, alone; and if the effect of that act is, as contended by counsel, to repeal so much of section 629 of the Revised Statutes as gives the circuit courts jurisdiction of all suits by or against any banking association established in the district for which the court is held, it follows that the present motion must be sustained. But it is very clear that the act of 1875 has no such sweeping effect as that claimed for it by counsel. It is a general statute on the subject of the jurisdiction of the circuit courts, and it does not repeal prior statutes conferring jurisdiction upon those courts in special cases, or over particular controversies, unless it is clear from the language employed that such was the intent of congress. There is no express repeal of section 629 of the Revised Statutes. The law does not favor a repeal by implication, and in order to support such an appeal the repugnance between the latter and earlier statutes must be quite plain. If the subsequent act can be reconciled with the former it will not be held to repeal it.

Again, it is a rule long settled that a later statute which is general and affirmative in its provisions does not abrogate a former which is particular or special. Courts will not allow such an exposition of the statute as will revoke or alter, by construction of general words, a previous special statute, where the words may have their proper operation without it. These general propositions are so familiar and so well settled that it is unnecessary to quote authority to support them. Applying them to the act of 1875 we are constrained to hold that it does not, either expressly or by necessary implication, repeal the tenth clause of section 629 of the Revised Statutes, under which this suit is brought. To give to the act of 1875 the construction contended for, and to hold that there is no other statute under which the circuit courts of the United States can in any case have jurisdiction, would lead to consequences disastrous in their effects, and which congress could not have had in contemplation. An examination of prior statutes will show numerous provisions under which suits may be brought in particular cases in the circuit courts of the United States, and some, at least, of which could not be maintained under the act of 1875.

The remaining question is whether jurisdiction can be maintained under subdivision 10 of section 629 of the Revised Statutes, which, as we have seen, has not been repealed, and which gives the circuit courts of the United States jurisdiction "of all suits by or against any

banking association established in the district for which the court is held, under any law providing for national banking associations."

Counsel for defendant insists that under this statute it is not enough that the suit is brought by a national bank. It must, in his view, also appear that it involves the construction of some provision of the constitution, or of a treaty, or of some law of the United States. Ever since the decision of the supreme court in the case of *Osborne* v. *U. S. Bank*, 9 Wheat. 738, it has been taken as settled that it is competent for congress to confer upon a national bank created by it the right to sue in the federal courts by reason of their character as such. An examination of the opinion of Chief Justice Marshall in that case will show that he placed the right to sue upon the simple ground that the bank was chartered by congress. He insisted that the right of the bank to sue at all in any court depended upon a law of the United States; that this question of the right to sue, however clear it might be, and however well settled, was still a question that might be renewed in every case, and therefore one which forms an original ingredient in every cause. He said: "Whether it be in fact relied on in the defence, it is still a part of the cause, and may be relied on. The right of this plaintiff to sue cannot be dependent on the defence which the defendant may choose to set up. His right to sue is anterior to that defence, and must depend on the state of things where the action is brought. The questions which the case involves, then, must determine its character, whether those questions be made in the cause or not." This ruling, as I have had occasion heretofore to decide, applies with full force to the construction of the present national banking law. See *Foss* v. *First Nat. Bank of Denver*, 1 McCrary, 474.* In numerous cases in this court it has been taken for granted that the ruling of the supreme court in *Osborne* v. *U. S. Bank* is conclusive upon this question. See *Bank* v. *County of Douglas*, 3 Dill. 298, and note.

In the case of *Bethel* v. *Pahquioque Bank*, 14 Wall. 395, Mr. Justice Clifford, in delivering the opinion of the supreme court, said:

"Jurisdiction in such suits (by or against national banks) is unquestionably vested in any circuit, district, or territorial court of the United States held within the district in which *such* association may be established."

The decisions of circuit judges in other circuits have been to the same effect, and are numerous, but it is not necessary here to cite cases.

Some questions has been made as to the right of the plaintiff to sue the defendant Harrison in this district, he being a citizen of the western district of this state. That question is settled by section 740 of the Revised Statutes, which provides that "when a state contains more than one district every suit not of a local nature, in the circuit or district courts thereof, * * * if there are two or more defendants residing in different districts of the state, may be brought in either district, and a duplicate writ be issued against the defendants, directed to the marshal of any other district in which the defendant resides."

The motion to dismiss is overruled.

TREAT, D. J., concurring.