## UNITED STATES v. MOONEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

Argued November 25, 1885.—Decided December 14, 1885.

The exclusive jurisdiction conferred upon District Courts of the United States,
before the enactment of the Judiciary Act of March 3, 1875, over suits for
the recovery of penalties and forfeitures under the customs laws of the
United States, is not taken away by the first section of that act.

This was an action at law, brought in the Circuit Court to
recover of the defendant $20,000, the value of certain merchan-
dise imported by him, which it was alleged he had forfeited to
the United States, because he had knowingly, and with intent
to defraud the revenue, made an entry of the same by means
of false and fraudulent invoices.

The defendant moved the court to dismiss the suit for want
of jurisdiction to entertain it. The court sustained the motion,
and the plaintiffs brought this writ of error.

Mr. Solicitor-General for plaintiff in error.

Mr. Charles Levi Woodbury for defendant in error.

Mr. Justice Woods delivered the opinion of the court. After
stating the facts in the language above reported, he continued:

The ninth section of the Judiciary Act of September 24,
1789, ch. 20, 1 Stat. 76, provided as follows: "The District
Courts shall have exclusive original cognizance" "of all suits
for penalties and forfeitures incurred under the laws of the
United States." Since the passage of that act several statutes
have been enacted giving the Circuit Courts jurisdiction of suits
for penalties and forfeitures, Rev. Stat. § 629, subdivisions 4,
5, 7, 15, but it is conceded by the counsel for the plaintiffs that
the exclusive jurisdiction of all suits for penalties and forfeit-
ures under the customs laws of the United States continued in

the District Courts until the passage of the act of March 3, 1875, entitled "An Act to determine the jurisdiction of the Circuit Courts of the United States," ch. 137, 18 Stat. 470, and still continues, unless the act mentioned gives concurrent jurisdiction of such suits to the Circuit Courts. The plaintiffs insist that such is the effect of the first section of the act of March 3, 1875. That section provides.: "That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the Constitution or laws of the United States," "or in which the United States are plaintiffs or petitioners," &c. The contention is that this section invests the Circuit Courts with jurisdiction, concurrent with the District Courts, of all suits for penalties and forfeitures under the customs laws of the United States. The argument to support the contention is that the section includes within its terms all suits to recover penalties and forfeitures, because such suits are of a civil nature at common law and the United States are plaintiffs; and when the amount in controversy is over $500 all the conditions necessary to give jurisdiction are fulfilled.

Admitting the plausibility of the argument, we are not able to adopt the conclusion to which it leads. For more than three-quarters of a century, under the ninth section of the act of 1789, the exclusive jurisdiction of the District Courts, in suits for penalties and forfeitures under the customs laws was unquestioned. In *The Cassius*, 2 Dall. 365, decided in 1796 by the United States Circuit Court for the District of Pennsylvania, and in *Evans* v. *Bollen*, 4 Dall. 342, decided by this court in 1800, it was held that under the Judiciary Act of 1789 the Circuit Courts had no jurisdiction of suits for penalties and forfeitures under the laws of the United States. These decisions have never been overruled, and the law has remained unchanged, except where jurisdiction of suits for penalties and forfeitures has been given to the Circuit Courts in special cases by statute. This construction of the ninth section of the act of 1789 prevailed, notwithstanding the provisions of section

eleven of that act, which were as follows: "The Circuit Courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners." 1 Stat. 78. This is substantially the same, in respect of the question before us, as the first section of the act of 1875, which is relied on to take away the exclusive jurisdiction of the District Courts. But it was never supposed that under the act of 1789 the provisions of § 11 interfered with the exclusive jurisdiction conferred on the District Courts by § 9 of the same act. It was never held that the words "all suits of a civil nature, at common law or in equity," used in § 11, included suits for penalties and forfeitures of which the District Courts had been given exclusive jurisdiction by § 9. How, then, can the substantial re-enactment of § 11 by the act of March 3, 1875, with modifications immaterial, as far as the question in hand is concerned, have an effect which the original section did not? As said by the Circuit Court in its well-considered opinion in this case, 11 Fed. Rep. 476, "the restricted meaning attached for eighty-six years to the language of the eleventh section of the act of 1789 is presumed to attach to the same language in the act of 1875." It is not to be supposed that Congress, in using in the act of 1875 the same language, so far as the present question is concerned, as that employed in the act of 1789, intended to give it a meaning different from that put upon it by this court, and which had remained unchallenged for three-quarters of a century.

To sustain the contention of the plaintiffs, we must hold that the purpose of § 1 of the act of March 3, 1875, was to repeal by implication and supersede all the laws conferring jurisdiction on the Circuit Courts, and of itself to cover and regulate the whole subject. But this construction would lead to consequences which it is clear Congress did not contemplate. All the laws in force December 1, 1873, prescribing the jurisdiction of the Circuit Courts were reproduced in Rev. Stat. § 629, and the jurisdiction was stated under twenty distinct heads, eighteen

of which had reference to the jurisdiction in civil cases. In sixteen of these eighteen heads the jurisdiction is conferred without reference to the amount in controversy. This is the case, among others, in all suits at common law where the United States are plaintiffs; in all suits and proceedings for the enforcement of any penalties provided by laws regulating the carriage in merchant vessels; in all suits by the assignee of any debenture for drawback duties against the person to whom such debenture was originally granted to recover the amount thereof; in all suits at common law or in equity arising under the patent or copyright laws of the United States; in all suits brought by any person to recover damages for an injury to his person or property, on account of any act done by him under any law of the United States for the protection or collection of any of the revenues thereof; and in all suits to recover pecuniary forfeitures under any act to enforce the right of citizens of the United States to vote in the several States. The act of 1875 confers jurisdiction on the Circuit Courts only in cases where the matter in dispute exceeds $500. If that act is intended to supersede previous acts conferring jurisdiction on the Circuit Courts, then those courts are left without jurisdiction in any of the cases above specified where the amount in controversy does not exceed the sum of $500, and in several classes of cases, for instance, suits arising under the patent or copyright laws, neither the Circuit nor District Court of the United States would have jurisdiction when the amount in controversy is less than $500. But by Rev. Stat. § 711, par. 5, the jurisdiction of the State courts in cases arising under the patent and copyright laws is excluded. Therefore, when the matter in dispute in a case arising under these laws is less than $500, if we yield to the contention of plaintiffs, it would follow that no court whatever has jurisdiction. A construction which involves such results was clearly not contemplated by Congress.

The act of 1875, it is clear, was not intended to interfere with the prior statutes conferring jurisdiction upon the Circuit or District Courts in special cases, and over particular subjects. *Third Nat. Bank of St. Louis* v. *Harrison*, 3 McCrary, 162.

Its purpose was to give to the Circuit Courts a jurisdiction

which the Federal courts did not then possess, by enlarging their jurisdiction in suits of a civil nature at common law or in equity, and not to take away from the Circuit or District Courts jurisdiction conferred by prior statutes, or to divide the jurisdiction which had for so long a time been vested exclusively in the District Courts. *Price* v. *Abbott*, 17 Fed. Rep. 506.

Thus construed, there is no conflict between § 1 the act of March 3, 1875, and § 9 of the act of 1789, which conferred exclusive jurisdiction on the District Courts of suits for penalties and forfeitures incurred under the laws of the United States. The latter section, therefore, except as modified by statutes conferring jurisdiction upon the Circuit Courts in special cases, still remains in force, and the Circuit Court was right in dismissing the case for want of jurisdiction.

*Judgment affirmed.*