WESTINGHOUSE AIR-BRAKE CO. v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, S. D. New York. December 27, 1897.)

CIRCUIT COURTS—JURISDICTION IN PATENT CASES.

In patent suits it is not necessary that the defendant shall be an inhabitant of the district in which he is sued, if service is there properly obtained upon him. Southern Pac. Co. v. Earl, 82 Fed. 690, followed.

This was a suit in equity by the Westinghouse Air-Brake Company against the Great Northern Railway Company and others for alleged infringement of a patent. The cause was heard upon the bill and pleas thereto raising a question of jurisdiction.

Frederic H. Betts, L. F. H. Betts, James J. Cosgrove, and Kerr, Curtis & Page, for complainant.

Frederick P. Fish and W. D. Grover, for defendants.

COXE, District Judge. This is an equity suit for the infringement of a patent. The pleas dispute the jurisdiction of the court on the ground that neither of the defendants served with process within this district was at the time of such service a citizen of this state or an inhabitant of this district. The question thus presented, which has been variously decided by the circuit courts, must now be determined in favor of the complainant, so far at least, as this court is concerned, upon the authority of Southern Pac. Co. v. Earl, 82 Fed. 690, 694, affirming Earl v. Southern Pac. Co., 75 Fed. 609. The pleas are overruled, the defendants to answer within 20 days.