## LEDERER v. RANKIN et al.

### (Circuit Court, S. D. Ohio, W. D.   December 3, 1898.)

**1. JURISDICTION OF FEDERAL COURTS — SUITS FOR INFRINGEMENT OF COPYRIGHTS—RESIDENCE OR CITIZENSHIP OF DEFENDANTS.**

The act of January 6, 1897, amendatory of Rev. St. § 4966, relating to suits for the infringement of copyrights for dramatic or musical compositions, which authorizes the service and enforcement of injunctions granted in such suits anywhere in the United States, and confers jurisdiction on circuit courts of circuits other than that in which the suit is brought to entertain motions for the dissolution of such injunctions, does not affect the jurisdiction of a court to entertain the suit or grant an injunction with reference to the question of the residence or citizenship of the defendants.

**2. SAME.**

The provision of the law of 1888 requiring suits to be brought in the district whereof the defendant is an inhabitant does not apply to suits arising under the patent or copyright laws of the United States, of which the circuit courts have exclusive jurisdiction: and a suit, under Rev. St. § 4966, for the infringement of a copyright for a dramatic or musical composition, may be brought in any district where the defendant can be found and served.

On Motion to Set Aside Service of Summons.

Foraker, Outcalt, Granger & Prior, for complainant.
Jones & James, for defendants.

THOMPSON, District Judge.   A motion was filed in this case on behalf of the defendants to set aside the service of the summons because the defendants are not, and never have been, residents, inhabitants, or citizens of this district.   The motion is resisted by the complainant upon two grounds:

1. Because by the act of congress of January 6, 1897, amendatory of section 4966 of the Revised Statutes, jurisdiction is given, as it is claimed, to any circuit court to grant injunctions in such cases, without reference to the residence of the defendant,—whether in or out of the district in which suit is brought.   In my judgment, it was not the purpose of this statute to deal with the question of locality, as affecting the jurisdiction of the court, but it was enacted, among other things, for the purpose of authorizing the service of, and to make operative, injunctions, in such cases, anywhere in the United States, and to confer jurisdiction upon the circuit court of any district to hear motions to dissolve and set aside such injunctions; and in such cases the court hearing the motion may call upon the court in which the suit was brought, and the injunction granted, to transmit "a certified copy of all the papers on which the injunction was granted."   When a suit is brought and an injunction is granted, the process may be served anywhere in the United States, and shall be operative everywhere in the United States; but the defendants may, in any circuit in which they may be performing or representing the dramatical or musical composition, move to discharge the injunction, and will not be compelled to go to the court in which the suit was brought.

2. The second ground upon which the motion is resisted is that the law of 1888, requiring suits to be brought "in the district whereof the

defendant is an inhabitant," only applies "to such cases whereof the state or federal courts have concurrent jurisdiction," and does not apply to cases of which the federal courts have exclusive jurisdiction. The ninth clause of section 629 of the Revised Statutes provides that the circuit courts shall have jurisdiction "of all suits at law or in equity arising under the patent or copyright laws of the United States." And section 711 of the Revised Statutes provides as follows:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states; * * *. Fifth. Of all cases arising under the patent right or copy right laws of the United States. * * *"

And these clauses of sections 629 and 711 were not affected or repealed by the law of 1888.

The supreme court of the United States, in Re Keasbey & Mattison Co., 160 U. S. 229, 16 Sup. Ct. 273, say:

"In the Case of Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, on which the petitioner in this case principally relied, the decision was that the provision of the act of 1888 forbidding suits to be brought in any other district than that of which the defendant is an inhabitant had no application to an alien or a foreign corporation sued here, and especially in a suit for infringement of a patent right, and therefore such a firm or corporation might be so sued by a citizen of a state of the Union in any district in which valid service could be made on the defendant. That case is distinguishable from the one now before the court in two essential particulars: First. It was a suit against a foreign corporation, which, like an alien, is not a citizen or inhabitant of any district within the United States, and was therefore not within the scope or intent of the provision requiring suit to be brought in the district of which the defendant is an inhabitant. See Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401. Second. It was a suit for infringement of a patent right, exclusive jurisdiction of which had been granted to the circuit court of the United States by section 629, cl. 9, and section 711, cl. 5, of the Revised Statutes, re-enacting earlier acts of congress, and was therefore not affected by general provisions regulating the jurisdiction of the courts of the United States concurrent with that of the several states."

So that as the law stands, as declared by these decisions, a suit arising under the patent-right or copyright laws of the United States may be brought in any district where the defendant can be found and served. In re Hohorst, 150 U. S. 659, 661, 14 Sup. Ct. 221; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 Sup. Ct. 273; Southern Pac. Co. v. Earl, 27 C. C. A. 185, 82 Fed. 690, 694; Westinghouse Air-Brake Co. v. Great Northern Ry. Co., 84 Fed. 9; Smith v. Manufacturing Co., 67 Fed. 801; Button Works v. Wade, 72 Fed. 298, 299; Van Patten v. Railroad Co., 74 Fed. 981, 987; Noonan v. Athletic Co., 75 Fed. 334. The motion, therefore, will be overruled.