· SPEARS et al. v. FLYNN èt al.

(Circuit Court, W. D. Michigan, S. D.   May 10, 1900.)

JURISDICTION OF FEDERAL COURTS—PATENT AND COPYRIGHT CASES—PLACE OF BRINGING SUIT.

The provisions of the judiciary acts of 1887 and 1888, that no civil suit shall be brought in the federal courts against any person in any other district than that of which he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or the defendant, are not applicable to suits within the special jurisdiction given the circuit courts of the United States in patent and copyright cases, and such suits may be brought in any district where the defendant can be served with process.

In Equity.   On motion to dismiss as to certain defendants.

Frank F. Reed, for complainants.
Howard, Roos & Howard, for defendants.

WANTY, District Judge. A bill was filed in this cause by the complainants, none of whom are residents of this district, against several nonresident defendants and one resident defendant, for infringement of a copyright. Service of process was had upon all of the defendants within this jurisdiction, and the nonresident defendants now move to dismiss the cause as to them because the act of 3d March, 1887, as corrected by the act of 13th August, 1888, provides that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," and gives this court jurisdiction only as to the resident defendant. Under the general words above quoted of the judiciary act, suits under the special jurisdiction of the circuit courts in copyright and patent causes would be included, and it was generally so held before the decision of the supreme court in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1121. Since the expression of the court in that case, it has been held by Judge Townsend, sitting in the Southern district of New York, in Union Switch & Signal Co. v. Hall Signal Co., 65 Fed. 625, and by the circuit court of the district of Massachusetts in Donnelly v. United States Cordage Co., 66 Fed. 613, that the provision of the judiciary act referred to applies to all suits without exception. But the expressions of the court in Re Hohorst, supra, followed by the opinion in Re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, clearly indicate that the general words in the judiciary act do not affect the jurisdiction which had been granted to the circuit courts of the United States in patent and copyright cases, and they may be brought in any district where the defendant can be served with process. Lederer v. Rankin (C. C.) 90 Fed. 449, and cases cited in that opinion. The motion is overruled.