LEDERER v. FERRIS.

(Circuit Court, S. D. New York. November 19, 1906.)

COPYRIGHT—SUIT FOR INFRINGEMENT—DISTRICT OF SUIT.

The provision of section 1 of the federal judiciary act of March 3, 1887 (24 Stat. 552, c. 373 [U. S. Comp. St. 1901, p. 508]), that no suit shall be brought in any other district than that whereof the defendant is an inhabitant, does not apply to suits arising under the copyright laws, as to which section 11 of the judiciary act of September 24, 1789 (1 Stat. 78, c. 20), is still in force, and such a suit may be brought in any district in which the defendant can be found and served with process.

At Law. On demurrer to complaint.

Louis Steckler, for plaintiff.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for defendant.

HOLT, District Judge. This is a demurrer to a complaint on the ground that this court has no jurisdiction of the person of the defendant. The action is brought to recover damages for the infringement of a copyright. The complaint contains an allegation that the defendant is a resident of the city of Minneapolis, Minn. He has been found and served in this district. He demurs to the complaint on the ground that under the act of March 3, 1887, the suit cannot be brought except in the district in which the defendant is an inhabitant.

The eleventh section of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 78) provided that all civil suits should be brought in the district in which the defendant either was an inhabitant or was found at the time of serving the writ. Under this provision suits arising under the copyright laws, like all other suits, could be brought in any district in which the defendant could be personally served. This rule of service remained unchanged until 1887. It was included in section

739 of the Revised Statutes and in section 1 of the act of March 3, 1875 (18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 508]), relating to the jurisdiction of the Circuit Courts. That act provided that the Circuit Courts of the United States should have cognizance concurrent with the courts of the several states of all suits of a civil nature, of certain classes, in respect to which jurisdiction was conferred by the Constitution of the United States. This act was amended by the act of March 3, 1887 (24 Stat. 552, c. 373 [U. S. Comp. St. 1901, p. 508]). That act related to suits of substantially the same class as those described in the act of 1875, but it amended the act of 1875 in certain respects, among others, by providing that no suit should be brought "in any other district than that whereof he [the defendant] is an inhabitant," and omitting the provision, which had existed ever since the judiciary act, that the suit could be brought in the district in which the defendant was found at the time of serving the writ. The act of 1887, however, and the act of 1875, of which it is an amendment, only relate to suits of which the courts of the United States have original cognizance concurrent with the courts of the several states. It therefore did not apply to or repeal the existing provisions of the law in reference to the service of process in suits of which the United States courts have exclusive jurisdiction. For instance, it did not apply to a suit to recover penalties and forfeitures under the customs laws (U. S. v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304, 29 L. Ed. 550); or to suits arising under the patent or copyright laws (In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; In re Keasbey, etc., Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402).

By the act of March 3, 1897, it was provided that, in suits brought for the infringement of letters patent, Circuit Courts should have jurisdiction "in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership or corporation, shall have committed acts of infringement and have a regular and established place of business." This act now prescribes the rule of jurisdiction in patent cases, but there has never been any act changing the rule in copyright cases. The act of January 6, 1897, amending section 4966 of the Revised Statutes (Act Jan. 6, 1897, c. 4, 29 Stat. 481 [U. S. Comp. St. 1901, p. 3415]), relating to the liability of persons publicly performing dramatic compositions for which a copyright has been obtained, provides that any injunction obtained in such an action may be served anywhere in the United States and that any motion may be made in any Circuit Court to dissolve such an injunction, upon notice to the plaintiff. But it does not make any provision for the manner in which jurisdiction shall be originally obtained. I think, therefore, that, in suits arising under the copyright law, the method of service provided by the judiciary act is still in force, and in my opinion such a suit may be brought in any district in which the defendant can be found and served with process. In the case of Fraser v. Barrie (C. C.) 105 Fed. 787, Judge Kohlsaat dismissed a bill in a copyright case for want of jurisdiction, on the ground that the defendants did not reside in the district. The only question discussed in the opinion was whether the act of 1897 authorized a suit to be brought in any

district, and Judge Kohlsaat held that it did not; that the provisions of that act only authorized the service of injunctions obtained, and the making of motions to dissolve injunctions obtained, in such a suit, but did not provide for a method of beginning such a suit. In that opinion, I entirely concur.

But it seems to have been assumed by the counsel and by the court that, unless the act of 1897 authorized a suit arising under the copyright act to be brought in any district where the defendant could be found, the act of 1887, requiring actions generally to be brought in a district whereof the defendant is an inhabitant, applied. As already stated, in my opinion, it never did apply, and suits arising under the copyright acts may still be brought in any district in which the defendant can be found.

The demurrer is overruled, with costs, with leave to the defendant to answer upon payment of costs.