## LEWIS BLIND STITCH CO. et al. v. ARBETTER FELLING MACH. CO. et al.

(Circuit Court, N. D. Illinois, E. D. October 17, 1910.)

No. 30,043.

1. PATENTS (§ 114*)—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT—SUIT TO OBTAIN ISSUANCE OF PATENT.

The provision of section 1 of the federal judiciary act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470), as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), that "no civil suit shall be brought * * * against any person * * * in any other district than that whereof he is an inhabitant, * * *" applies only to the civil suits specified in said section, of which the federal and state courts have concurrent jurisdiction, and does not affect a suit brought, under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to obtain the issuance of a patent, of which a Circuit Court is given exclusive jurisdiction, regardless of the citizenship of the parties or the amount in controversy, and such a suit may be brought in any district where valid service can be had on the defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. § 114.*]

2. ABATEMENT AND REVIVAL (§ 3*)—JURISDICTION—DETERMINATION OF QUESTION.

Where a question of jurisdiction is purely one of law, it may be raised either by motion or plea in abatement.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 7-24; Dec. Dig. § 3.*]

In Equity. Suit by the Lewis Blind Stitch Company and John G. Lewis against the Arbetter Felling Machine Company, Wolf Arbetter, and Edward B. Moore, Commissioner of Patents. On plea in abatement. Plea overruled.

George T. May, Jr., and Edward Rector, for complainants.
Nathan Heard, for defendant Arbetter Felling Mach. Co.

SANBORN, District Judge.   Plea in abatement to the jurisdiction, setting up that the defendant corporation is organized in Maine, but qualified to do business in Illinois, having therein a regular and established place of business and an agent to receive service of process, and upon whom the subpœna was regularly served, for the defendant corporation.   Defendant Arbetter is an inhabitant of Massachusetts, and Moore of the city of Washington, D. C.   Process was not served on Arbetter or Moore, nor is objection made on that ground, nor as to the manner of service on the corporation; but the plea raises the question whether the latter can be compelled to answer under the venue clause of the act of March 3, 1887, providing that no civil suit shall be brought in the Circuit or District Court in a district of which the defendant is not an inhabitant.   It is conceded that the Arbetter Company is an inhabitant of the district of Maine, under the rule settled in Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.   The suit is in the exclusive jurisdiction of the Circuit Court, brought under section 4915 of the Revised Statutes, to secure the issuance of a patent for an invention.   Lewis and Arbetter each claimed priority of invention, and Arbetter's claim was sustained by the Court of Appeals of the District of Columbia, as a result of interference proceedings in the Patent Office between Arbetter and Lewis. Lewis' right having been assigned to the plaintiff company, it seeks to sustain its right to a patent in this action.   The sole question is whether the act of 1887 applies to suits in the exclusive jurisdiction of the Circuit Court; Arbetter and Moore being proper, but not necessary, parties under the act of 1839 (section 737, Rev. St. [U. S. Comp. St. 1901, p. 587]), and Shields v. Barrow, 17 How. 130, 15 L. Ed. 158. Exclusive jurisdiction in patent cases was vested in the Circuit Court by the act of July 8, 1870, and earlier statutes (section 711, Rev. St. [U. S. Comp. St. 1901, p. 578]); that act not providing in what district suit should be brought, nor otherwise fixing the venue.   Section 4915, under which this suit was brought, provides that the court, "on notice to adverse parties and other due proceedings had," may adjudge that complainant is entitled to a patent.

The original judiciary act of 1789 prescribes the jurisdiction of the federal courts, and their procedure.   Most of its provisions are still in force, scattered through the Revised Statutes.   By section 9 the jurisdiction of the District Court is fixed, exclusive, concurrent with the Circuit Court, and concurrent with the state courts.   All its provisions are still in force, with some modifications.   Section 11, superseded by the act of March 3, 1875, and that in turn by the act of March 3, 1887, relates to the jurisdiction of the Circuit Court, concurrent with the state courts, in all the civil cases referred to in section 11, exclusive criminal jurisdiction where the fine exceeded $100, and jurisdiction concurrent with the District Court of all other federal crimes.   Section 11 also fixes the venue or district where suit should be brought, in all civil suits in both District and Circuit Courts, and in both the original and concurrent jurisdiction given by sections 9 and 11.   Section 11 in its original shape, and as superseded by the later acts, is as follows; changes introduced in 1875 being indicated by parentheses, and in 1887 by brackets:

"The Circuit Courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law and in equity, where the matter in dispute exceeds, exclusive of [interest and] costs, the sum or value of five hundred [two thousand] dollars, (and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority), or in which the United States are plaintiffs or petitioners, or an alien is a party (or there is a controversy between citizens of a state and foreign states, citizens or subjects) [in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid] or the suit is between a citizen of the state where the suit is brought, and a citizen of another state ([or in which there shall be a controversy between citizens of different states]) [in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid] ([or a controversy between citizens of the same state claiming lands under grants of different states]).  *  *  *  But no person shall be arrested in one district for trial in another, in any civil action before a District or Circuit Court. ([Last sentence repeated in both later acts.])  And no civil suit shall be brought before either of said courts against an inhabitant of the United States ([against any person]) by any original process ([or proceeding]) in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ (in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, except as hereinafter provided) [in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant]."

Section 9 of the act of 1789 contains the following:

"The District Courts shall also have cognizance, concurrent with the courts of the several states, or the Circuit Courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States. And shall also have cognizance, concurrent as aforesaid, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars. And shall also have jurisdiction, exclusively of the courts of the several states, of all suits against consuls or vice consuls."

By comparison of these two sections it is readily seen that in civil suits the Circuit Court is given jurisdiction concurrent with state courts of the cases mentioned in both sections, and that the District Court is given like concurrent jurisdiction in suits by aliens for certain torts and actions at law by the United States, and exclusive jurisdiction of suits against foreign consuls and vice consuls. The conclusion is therefore irresistible that, when section 11 provides that no civil suit shall be brought in either the District or Circuit Court except where defendant inhabits or is found, it refers to the concurrent jurisdiction of both courts, and the concurrent jurisdiction of the District Court in actions at law by the United States. And it is equally logical to say that this clause refers both to the concurrent state and federal jurisdiction of the Circuit Court, and the concurrent federal jurisdiction of the same court in the two cases referred to in section 9, because the words "no civil suit" most clearly include all those mentioned. Nor is there anything in the acts of 1875 and 1887, or either of them, which in any way interferes with these conclusions, so far as cases covered by the original statute are concerned, because the provisions of section 9, with slight modification, are still in force. But the ques-

tion which arises in this particular case, relating to exclusive federal jurisdiction not referred to in the act of 1789, is quite a different one.

That question may be thus stated: Does the first section of the act of 1887, superseding section 11 of the original judiciary act and the first section of the act of 1875, in giving jurisdiction of cases arising under the federal Constitution, law, or treaty (also given by the act of 1875), involving more than $2,000, and fixing the district of suit in such cases, refer to suits authorized by special acts of Congress, of which the Circuit Court is given exclusive jurisdiction without regard to the amount in controversy? This question is squarely answered in the negative, in a case not relating to place of suit, by Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365. In that case the act of 1887 was held inapplicable to trade-mark cases because the trade-mark act of 1881 (Act March 3, 1881, c. 138, 21 Stat. 502 [U. S. Comp. St. 1901, p. 3401]) gave federal jurisdiction without regard to the amount in controversy. Identical reasoning may be fairly applied to suits to establish patents under section 4915, which gives federal jurisdiction based on subject-matter alone, and where there is no definite amount in controversy. Indeed, it often happens that a suit under section 4915 is merely an administrative proceeding, with no adverse party, being merely a continuation of the patent application.

Every case ever decided by the Supreme Court, except Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796, 29 L. Ed. 119, where the point was not necessary to the conclusion reached, agrees with the Watch Companies Case cited. As early as 1825 it was held that the venue clause of section 11 of the act of 1789 did not apply to suits in rem in admiralty. Manro v. Almeida, 10 Wheat. 473, 6 L. Ed. 369. The same rule was held again in 1873, in Atkins v. Fiber Disintegrating Co., 18 Wall. 272, 21 L. Ed. 841, and finally in Re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991; but it is true that the ground of these decisions was that admiralty causes are not "civil suits" within the meaning of the venue clause, and not on the reasoning applied in the Watch Companies Case. And the cases of United States v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304, 29 L. Ed. 550, In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, and In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, although not cases to establish patents, and the decision turned on other questions, are yet so satisfactory in their reasoning that they have been finally followed in all the federal courts except two, in cases involving substantially the question now presented.

United States v. Mooney was an action to recover the value of goods claimed to have been forfeited under the revenue laws. Action was commenced in the Circuit Court, notwithstanding the ninth section of the judiciary act of 1789, vesting in the District Court exclusive cognizance of all suits for penalties and forfeitures incurred under the laws of the United States. The question squarely presented in this case was: Did the general act of 1875 affect the jurisdiction of federal courts specially conferred by prior statute? The answer of the Supreme Court is in the negative. In the latter part of the opinion, Mr. Justice Woods says:

181 F.—62

"The act of 1875 confers jurisdiction on the Circuit Courts only in cases where the matter in dispute exceeds $500. If that act is intended to supersede previous acts conferring jurisdiction on the Circuit Courts, then those courts are left without jurisdiction in any of the cases above specified where the amount in controversy does not exceed the sum of $500, and in the several classes of cases; for instance, in suits arising under the patent or copyright laws, neither the Circuit nor the District Courts of the United States would have jurisdiction when the amount in controversy is less than $500. But by section 711, par. 5, of the Revised Statutes, the jurisdiction of the state courts in cases arising under the patent or copyright laws is excluded. Therefore, when the matter in dispute in the case arising under these laws is less than $500, if we yield to the contention of plaintiffs, it would follow that no court whatever has jurisdiction. A construction which involves such results was clearly not contemplated by Congress. The act of 1875, it is clear, was not intended to interfere with the prior statutes conferring jurisdiction upon the Circuit or District Courts in special cases, and other particular subjects. Third Nat. Bank of St. Louis v. Harrison [C. C.] 3 McCrary, 162 [8 Fed. 721]."

In the Hohorst Case, which was decided in 1893, the complainant, Hohorst, brought suit for patent infringement in the Southern district of New York against Hamburg-American Packet Company, a German corporation doing business in the city of New York; service being had upon the New York agent of the alien corporation. In delivering the opinion of the court, Mr. Justice Gray states, inter alia:

"By Act March 3, 1887, c. 373, § 1, as corrected by Act Aug. 13, 1888, c. 866, 'the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution and laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states' 'or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects.' 24 Stat. 552; 25 Stat. 434. The intention of Congress is manifest, at least as to cases of which the courts of the several states have concurrent jurisdiction, and which involve a certain amount or value, to vest in the Circuit Courts of the United States full and effectual jurisdiction, as contemplated by the Constitution, over each of the classes of controversies above mentioned. Moreover, the present suit is for the infringement of a patent for an invention, the jurisdiction of the national courts over which depends upon the subject-matter, and not upon the parties; and, by statutes in force at the time of the passage of the acts of 1887 and 1888, the courts of the nation had original jurisdiction, 'exclusive of the courts of the several states,' 'of all cases arising under the patent right or copyright laws of the United States,' without regard to the amount or value in dispute. Rev. St. § 629, cl. 9, and section 711, cl. 5 [U. S. Comp. St. 1901, pp. 504, 578]. The section now in question, at the outset, speaks only of so much of the civil jurisdiction of the Circuit Courts of the United States as is 'concurrent with the courts of the several states' and as concerns cases in which the matter in dispute exceeds $2,000 in amount or value. The grant to the Circuit Courts of the United States, in this section, of jurisdiction over a class of cases described generally as 'arising under the Constitution and laws of the United States' does not affect the jurisdiction granted by earlier statutes to any court of the United States over specified cases of that class. If the clause of this section defining the district in which suit shall be brought is applicable to patent cases, the clause limiting the jurisdiction to matters of a certain amount or value must be held to be equally applicable, with the result that no court in the country, national or state, would have jurisdiction of patent suits in-

volving a less amount or value. It is impossible to adopt a construction which necessarily leads to such a result. United States v. Mooney, 116 U. S. 104, 107 [6 Sup. Ct. 304] 29 L. Ed. 550, 551; Miller-Magee Co. v. Carpenter [C. C.] 34 Fed. 433."

The Keasbey Case came before the Supreme Court in 1895 on petition for mandamus to compel the Circuit Court to take jurisdiction in a trade-mark suit, brought by a Pennsylvania corporation against a Massachusetts corporation doing business in New York; the bill of complaint containing allegations that the suit arose under the laws of the United States, and also was a controversy between citizens of different states, and that the matter in controversy exceeded the monetary value of $2,000. Mandamus was denied. The court construes In re Hohorst, supra, the language of Mr. Justice Gray (who, it will be noted, rendered also the decision in the Hohorst Case) being as follows:

"In the case of Re Hohorst, 150 U. S. 653 [14 Sup. Ct. 221] 37 L. Ed. 1211, on which the petitioner in this case principally relied, the decision was that the provision of the act of 1888, forbidding suits to be brought in any other district than that of which the defendant is an inhabitant, had no application to an alien or a foreign corporation sued here, and especially in a suit for infringement of a patent right, and therefore such a firm or corporation might be so sued by a citizen of a state of the Union in any district in which valid service could be made on the defendant. That case is distinguishable from the one now before the court in two essential particulars: First, it was a suit against a foreign corporation, which, like an alien, is not a citizen or inhabitant of any district within the United States, and was therefore not within the scope or intent of the provision requiring suit to be brought in the district of which the defendant is an inhabitant. See Galveston, H. & S. A. R. Co. v. Gonzales, 151 U. S. 496 [14 Sup. Ct. 401] 38 L. Ed. 248. Second, it was a suit for infringement of a patent right, exclusive jurisdiction of which had been granted to the Circuit Courts of the United States by Rev. St. U. S. § 629, cl. 9, and section 711, cl. 5, re-enacting earlier acts of Congress, and was therefore not affected by general provisions regulating the jurisdiction of the courts of the United States concurrent with that of the several states."

Since the decision of the Keasbey Case the Circuit Courts have quite generally accepted its conclusions, and held that the act of 1887 has no application to cases where prior statutes gave exclusive jurisdiction. Kalispell Lbr. Co. v. Great N. R. Co. (C. C.) 157 Fed. 845; Ware Kramer Tobacco Co. v. American Tobacco Co. (C. C.) 178 Fed. 117; Button Works v. Wade (C. C.) 72 Fed. 298; Noonan v. Chester Park Co. (C. C.) 75 Fed. 334; Consolidated Co. v. Columbian Co. (C. C.) 73 Fed. 829; Earle v. So. Pac. Co. (C. C.) 75 Fed. 609, 82 Fed. 691, 27 C. C. A. 185; Westinghouse Co. v. Great Northern Ry. Co., 88 Fed. 258, 31 C. C. A. 525; Spears v. Flynn (C. C.) 102 Fed. 6; Lederer v. Rankin (C. C.) 90 Fed. 449; Lederer v. Ferris (C. C.) 149 Fed. 250; Van Patten v. C., M. & St. P. R. Co. (C. C.) 74 Fed. 981; U. S. v. Standard Oil Co. (C. C.) 152 Fed. 290; Lumber Co. v. Great Northern R. Co. (C. C.) 157 Fed. 845; No. Pac. R. Co. v. Lumber Association, 165 Fed. 1, 91 C. C. A. 39; United S. M. Co. v. Duplessis I. S. M. Co. (C. C.) 133 Fed. 933; Bowers v. Atlantic Co. (C. C.) 104 Fed. 887. Two courts have not followed it: Gorham Mfg. Co. v. Watson (C. C.) 74 Fed. 418, and Memphis Cotton Oil Co. v. Illinois Cent. R. Co. (C. C.) 164 Fed. 290.

Prior to the Keasbey & Mattison Case most of the decisions held that the acts of 1875 and 1887 applied to patent cases. After that decision, as cases came up in the different circuits, the earlier rule began to be reversed, so there was apparent conflict. A bill was therefore introduced in Congress applicable to patent infringement, resulting in the passage of the act of March 3, 1897, under which infringement suits may be where defendant inhabits, or where he commits acts of infringement and has a regular and established place of business. Act March 3, 1897, c. 395, 29 Stat. 695, 5 Fed. St. Ann. 566 (U. S. Comp. St. 1901, p. 589). The congressional proceedings show that it was the understanding of members of Congress that infringers could be sued only in the district of their residence; corporate infringers being suable only where organized. All the decisions up to February, 1897, were before Congress, and it appeared that judicial decision was in conflict, showing the wisdom at that time of legislation. Cases holding the act of 1875 or 1887 applicable to suits in the exclusive jurisdiction are as follows: Patent cases: First circuit, National Typewriter Co. v. Pope Mfg. Co. (C. C.) 56 Fed. 849; Second circuit, Halstead v. Manning (C. C.) 34 Fed. 565, and Adriance v. McCormick Harvesting M. Co. (C. C.) 55 Fed. 287; Sixth circuit, Miller-Magee Co. v. Carpenter (C. C.) 34 Fed. 433; Seventh circuit, Gormully & Jeffrey Mfg. Co. v. Pope Mfg. Co. (C. C.) 34 Fed. 818; Preston v. Fire Extinguisher Mfg. Co. (C. C.) 36 Fed. 721, and Bicycle Stepladder Co. v. Gordon (C. C.) 57 Fed. 529; Eighth circuit, Reinstadler v. Reeves (C. C.) 33 Fed. 308, and McBride v. Grand De Tour Plow Co. (C. C.) 40 Fed. 162; Ninth circuit, Cramer v. Singer Mfg. Co. (C. C.) 59 Fed. 74.

Inasmuch as all the civil jurisdiction given by section 11 of the act of 1789, and section 1 of the acts of 1875 and 1887, is concurrent with that of the state courts, and is made to depend on the amount in controversy, except in suits by the United States and suits under conflicting state land grants, it is logical to regard the venue provisions of the later statutes as intended to refer only to the concurrent jurisdiction of the Circuit Court, notwithstanding that a broader construction should be given the original judiciary act, and not to cases in its exclusive cognizance. The Supreme Court has often expressed this view.

Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796, 29 L. Ed. 119, decided in 1884, was a suit under section 4915, brought in the district of Vermont, against the Commissioner of Patents, who was an inhabitant of the District of Columbia, and was there served with process. He did not appear, and a decree in favor of complainant was reversed for want of jurisdiction. The decision was put upon the ground that the act of 1875 was applicable. It is clear, however, that the jurisdiction could not have been sustained on any ground, and that the decision is not a binding authority, in view of the later cases in the same court.

The plea in abatement to the jurisdiction presents a pure question of law, since it is admitted that defendant company is doing business in this district. It would be properly suable here, if the case were one

where the basis of the federal jurisdiction was diverse citizenship. The usual practice in this circuit is to raise questions of fact by motion, and not by plea, both when defendant is properly suable in the district, but not properly served, and when it is not doing business in the district. Wall v. Chesapeake & O. R. Co., 95 Fed. 398, 37 C. C. A. 129; Forrest v. Pittsburg Bridge Co., 116 Fed. 357, 53 C. C. A. 577. This practice is preferred, because more expeditious, avoiding a jury trial of the facts, and because the pendency of the suit is not affected, but only service of the process. A better service may be had, or defendant may afterwards transact business in the district, so as to be properly suable there. But in the present case defendant is engaged in business in this district. It contends that it can never be suable here under any circumstances, thus raising a question of law, which may be raised either by plea or motion. If the plea were sustained, the suit would properly be dismissed. See Jackson v. Delaware River Co. (C. C.) 131 Fed. 134.

Plea overruled, with leave to answer in 30 days.