## HARACOVIC v. STANDARD OIL CO.

(Circuit Court, N. D. Illinois, N. D. April 14, 1900.)

No. 24,796.

REMOVAL OF CAUSES—ALIENAGE OF PLAINTIFF—SUBSEQUENT NATURALIZATION
—REMAND.

Under Act 1887, as amended by Act 1888 (25 Stat. 434, § 1), providing that actions brought in the state courts, involving more than $2,000. between citizens of a state and aliens, may be removed into the United States circuit court, a case so removed on account of the alienage of plaintiff will not be remanded to the state court because the plaintiff has subsequently become a naturalized citizen of the United States.

Jas. J. Wooley, for plaintiff.

A. D. Eddy, for defendant.

KOHLSAAT, District Judge. At the date of the commencement of this suit in the state court plaintiff was an alien, although he had declared his intention of becoming a citizen in due form of law. The cause was removed on the ground of alienage of plaintiff. Subsequent to the removal plaintiff has become a naturalized citizen. I am of the opinion that the conditions in this case are analogous to those wherein subsequent to removal on account of diverse citizenship the parties so change their domicile that they all become residents of the same state. In the latter class of cases the rule has been laid down by the supreme court that, the jurisdiction having once vested on ground of diverse citizenship, it will not be subsequently devested by changes occurring in this relation. Morgan's Heirs v. Morgan, 2 Wheat. 290, 4 L. Ed. 242; Conolly v. Taylor, 2 Pet. 556, 7 L. Ed. 518. The case of Houser v. Clayton, 3 Woods. 273, Fed. Cas. No. 6,739, is a similar case to the one at bar. Whether or not the decision in that case in conformity with this opinion was obiter, I am of the opinion that the act of 1887 as amended by the act of 1888 (25 Stat. 434, § 1) sustains this analogy. The cases cited by plaintiff on this motion to remand are those involving a change in the subject-matter of the controversy, or in the parties themselves, and not in the status of the parties as regards citizenship. These instances I do not deem analogous to the facts of this case. The motion to remand is denied.