SUNDERLAND BROS. et al. v. CHICAGO, R. I. & P. RY. CO. et al.

(Circuit Court, D. Nebraska, Omaha Division. January 30, 1908.)

No. 53.

COURTS—FEDERAL COURTS—JURISDICTION—DISTRICT.

Interstate Commerce Act, Act Feb. 4, 1887, c. 104, § 1, par. 3, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3155], provides that all charges made for any service rendered or to be rendered in the transportation of passengers or property shall be reasonable and just, and any unreasonable charge is prohibited and declared to be unlawful. Held, that an action by certain ship-

pers to restrain an interstate carrier from enforcing a reconsignment charge of $5 per car, as unreasonable, though maintainable at common law, was nevertheless a suit within the interstate commerce act, so that federal jurisdiction was not alone dependent on diverse citizenship, and hence could be brought only in the district of which the defendant was an inhabitant, as provided by Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 806–815.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Francis A. Brogan, for complainants.

James E. Kelby, Edson Rich, W. D. McHugh, James W. Orr, C. C. Wright, and B. T. White, for respondents.

Before W. H. MUNGER and T. C. MUNGER, District Judges.

W. H. MUNGER, District Judge. The amended bill of complaint filed in this case alleges that the several complainants are engaged at Omaha and Lincoln, in the business of transporting into the state of Nebraska coal, lumber, shingles, lime, and cement, and that they sell and dispose of the same as wholesalers and jobbers to various retail dealers and consumers throughout the commercial territory tributary to the cities of Omaha and Lincoln, principally within the state of Nebraska, but also in the adjoining states of Iowa, South Dakota, Wyoming, Colorado, Kansas, and Missouri.

It is further shown by the amended bill that it is impracticable, for certain reasons, for complainants to store at Omaha and Lincoln sufficient quantities of the material to supply the demand of the trade; that they have been in the habit of shipping said commodities into the state by having the same billed to them at their respective places of business at Omaha or Lincoln, and then, upon their arrival at said places, having the cars rebilled or reconsigned to their customers; that this has heretofore been done by the defendant railroad companies without what is termed a reconsignment charge; that the respondents have amended their tariff schedule, which they are about to put into force, in which it is proposed to charge $5 per car upon all cars reconsigned as before stated. This reconsignment charge, it is alleged, is unjust and excessive, and if permitted to be enforced would practically drive complainants out of business.

It is alleged that the said respondents are each and all engaged in interstate commerce, governed by the provisions of the act of Congress entitled "An act to regulate commerce," approved February 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154], and all acts amendatory thereof and supplemental thereto, and that some of the respondents have filed their schedules with the Interstate Commerce Commission, setting forth the reconsignment charges mentioned. It is further alleged that the complainants have prepared and filed with the Interstate Commerce Commission a complaint complaining of the said charges, and praying that the said Commission inquire into the same and cause an order to be made directing the respondents to refrain from making the said charge.

The bill seeks to have the respondents enjoined and restrained from putting the said reconsignment rules and charges into effect, and from demanding, exacting, or collecting from complainants, or any other firms or corporations similarly situated, who may hereafter intervene, the said proposed reconsignment charges, and that upon the final hearing it be decreed that said reconsignment charges are excessive and unjust, and that the respondents be perpetually enjoined from enforcing the same. It is further alleged that the several complainants are citizens and residents of the state of Nebraska; the several respondents are railroad corporations organized and existing under and by virtue of the laws of states named, none of them being organized under the laws of the state of Nebraska; and that the respondents are each citizens of the states named in the bill, none of them being citizens of the state of Nebraska.

Respondents have appeared specially and objected to the jurisdiction of the court, on the ground that, as jurisdiction of the court is based not alone upon diverse citizenship, but upon the several acts of Congress relating to interstate commerce, that suit should only be brought against the respective respondents in the district of which they are citizens. It is contended, upon the part of complainants, that while the reconsignment charges relate to interstate commerce said charges being made on commodities shipped from out of the state of Nebraska into the state of Nebraska, and the reconsignment being made to points in the state of Nebraska and other states, their right of action is not based upon the acts of Congress referred to, but upon a common-law right that charges must be reasonable and just, and therefore no federal question is involved, and that the jurisdiction of this court is based solely and alone upon diverse citizenship.

The third paragraph of section 1 of the interstate commerce act provides:

"All charges made for any service rendered or to be rendered in the transportation of passengers or property as aforesaid or in connection therewith or for the receiving, delivering, storage, or handling of such property, shall be reasonable and just; and any unjust and unreasonable charge for such service is prohibited and declared to be unlawful." 24 Stat. 379, vol. 3, Comp. St. 1901, p. 3155.

In Toledo, A. A. & N. N. Ry. Co. v. Pa. Co. et al. (C. C.) 54 Fed. 730, 19 L. R. A. 387, Judge Taft, then Circuit Judge, said:

"The jurisdiction of this court to hear and decide the case made by the bill cannot be maintained on the ground of the diverse citizenship of the parties, for the complainant and at least one of the defendants are citizens of the same state. If it exists, it must arise from the subject-matter of the suit. The bill invokes the chancery powers of this court to protect the complainant in rights which it claims under the act of Congress passed February 4, 1887, known as the 'Interstate Commerce Act.' Counsel for complainant contend that the interstate commerce law and its amendments are only declaratory of the common law, which gave the same rights to complainant, and that therefore this is not a case of federal jurisdiction. * * * It is immaterial what rights the complainant would have had before the passage of the interstate commerce law. It is sufficient that Congress, in the constitutional exercise of power, has given the positive sanction of federal law to the rights secured in the statute, and any case involving the enforcement of those rights is a case arising under the laws of the United States."

Voelker v. Chicago, M. & St. P. Ry. Co. (C. C.) 116 Fed. 867, was an action resulting from the death of an employé of the company by reason of one of the cars in the train having a defective brake. · Upon the trial of the case it developed that the car was loaded with coal, being shipped from the state of Illinois into the state of Iowa. Judge Shiras, in charging the jury, instructed them that the act of March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], relating to safety appliances, governed the consideration of the case. In passing upon a motion for a new trial, Judge Shiras said:

"It is said, however, that the defendant was taken unduly by surprise in that the court, in the charge to the jury, cited the provisions of the act of Congress of March 2, 1893, as applicable to the case, it being claimed that neither in the pleadings nor in the argument of counsel for plaintiff was any reference made to the act of Congress. As matter of pleading, it certainly cannot be said that, in order to base a right of recovery on the provisions of the statute, it was necessary to cite the statute or its provisions in the petition. * * * No matter what the views of counsel are upon the law of the case, as expressed in their arguments, it is the duty of the court to give to the jury the law applicable to the facts as the court understands it. If the law as given to the jury is applicable to the facts before them, no error is committed. If the law as given is not applicable, that is error. * * * It is next contended that it was error on the part of the court to call the attention of the jury to the provisions of the act of Congress because it was not averred in the petition that the defendant had hauled, or permitted to be used on its lines, the car in question, nor that it was hauled or used in connection with interstate traffic. When it became the duty of the court to instruct the jury upon the law, it clearly appeared in the evidence that the car in question being loaded with coal had been brought from Illinois into Iowa. It was left to the jury to find the fact under the evidence whether the car was brought by the defendant company from one state into the other. The jury being instructed that if they so found then the defendant in so transporting the car was engaged in interstate commerce, and in such case the act of Congress would be applicable to the case. Would it not have been error, under these circumstances, if the court had instructed the jury that the act of Congress had no relation to the case before them?"

The case was reversed upon another point by the Court of Appeals (129 Fed. 522, 65 C. C. A. 226, 70 L. R. A. 264), yet that court, speaking upon this branch of the case, said:

"We are of opinion that no error was committed in instructing the jury that the branch of the case resting upon the condition of the car was controlled by the act of Congress."

The cases of Tift v. Southern Ry. Co. (C. C.) 123 Fed. 789, and Jewett Bros. & Jewett v. C., M. & St. P. Ry. Co. (C. C.) 156 Fed. 160, were actions similar to this, and in each it was held that the jurisdiction of the court was sustainable on the ground of a federal question being involved.

The act of Congress, in respect to the matters herein referred to, though it may be simply declaratory of the common law, yet is a valid enactment, and the parties complainant as well as respondent are not only bound by its provisions, but entitled to its benefits.

In section 1 of the judiciary act of March 3, 1887, 24 Stat. 552, c. 373, as amended in 1888 (Act Aug. 13, 1888, 25 Stat. p. 434, c. 866 [U. S. Comp. St. 1901, p. 508]), it is provided:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding, in any other district than that

whereof he is an inhabitant, but where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

We think that the jurisdiction of this court is not based alone upon diverse citizenship, but also upon the before cited act of Congress and acts amendatory thereof.

It therefore follows that this court has no jurisdiction, and that the restraining order heretofore granted must be vacated, and the bill dismissed.