MEMPHIS COTTON OIL CO. et al. v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, W. D. Tennessee, W. D. September 29, 1908.)

No. 644.

COURTS—FEDERAL COURTS—DISTRICT OF SUIT.

Under section 1 of the federal judiciary act (Act March 3, 1875, c. 137, 18 Stat. 470), as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), a suit against a railroad company based on the interstate commerce act, and within the jurisdiction of a federal court for that reason, can only be brought in the state in which the defendant is incorporated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.

Jurisdiction of federal courts over corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.]

In Equity. On plea to jurisdiction.

Percy & Hughes, for complainants.
C. N. Burch, for defendant Illinois Cent. R. Co.
J. P. Houston, for defendant Louisville & N. R. Co.

McCALL, District Judge. This is an action brought on the equity side of this court by the complainants to restrain the defendant railroad companies from putting into effect on October 1, 1908, an increased freight rate on certain products that are manufactured in Memphis and shipped in interstate commerce. We are met at the threshold with a plea to the jurisdiction of the court over the defendants.

The bill on its face, as originally presented, carried as plaintiffs citizens of Tennessee, and, in addition, an individual citizen of Georgia, and a corporation, a citizen and resident of the state of New Jersey. The plea in abatement to the jurisdiction was prepared to meet both phases of the bill; that is, in so far as the jurisdiction was based upon the diverse citizenship of the parties, it could not be maintained, because all of the complainants were not citizens of Tennessee; also, that it could not be maintained as an original bill against the defendants, for the reason that both of the defendants are nonresidents of Tennessee, one being a corporation and inhabitant of the state of Kentucky, and the other a corporation and inhabitant of the state of Illinois, and they were entitled to be sued, if sued at all, in the district of which they are inhabitants.

The first proposition was eliminated by counsel for complainants dismissing the bill without prejudice as to all the nonresident complainants. So that the case is left in the simple shape of citizens of Tennessee filing an original bill in the United States court of Tennessee against citizens of the states of Illinois and Kentucky. The question is presented whether or not these defendants can be sued in this action in this court, they being citizens of other states? The act determining the jurisdiction of the Circuit Courts of the United States provides:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at

common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made or which shall be made under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the District Courts of the crimes and offenses cognizable by them." Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).

In the case before us the important part of the judiciary act is the following clause:

"But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is clear from the last paragraph that no suit shall be brought in either of the United States courts against any person by any original process in any other district than that whereof he is an inhabitant, except where the jurisdiction is founded only on the fact that the action is between citizens of different states.

In Van Patten v. Chicago, M. & St. P. R. Co. (C. C.) 74 Fed. 981, it is held that the judiciary act of 1888 does not apply to cases brought under the laws as they existed prior to that act, wherein the United States courts have exclusive jurisdiction. That case seems to be on all fours with the case at bar, and I felt inclined to follow it, but in the case of In re Keasby & Mattison Company, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, the Supreme Court of the United States seems to have held differently, and I think the latter case must control here. There is this difference between the Van Patten and Keasby Cases: In the former the United States courts had exclusive jurisdiction of the subject-matter, while in the latter the United States courts and the state courts have concurrent jurisdiction.

No contention is made that the federal and state courts have concurrent jurisdiction of the case under consideration. If this point is material, as Judge Shiras held in the Van Patten Case, it seems to have been overlooked by the Supreme Court of the United States in the Keasby Case, as it appears in the quotation from that case which follows. That was a suit in relation to a trade-mark, and the Circuit Court of the United States for the state of New York declined to take jurisdiction of the case, and proceedings were had to compel them to do so, and Judge Gray said:

"But when this suit was brought the first section of the judiciary act of 1875 had been amended by Act March 3, 1887, c. 373, as corrected by Act Aug. 13, 1888, c. 866, in the parts above quoted, by substituting for the juris-

dictional amount of $500, exclusive of costs, the amount of $2,000, exclusive of interest and costs, and by striking out after the clause, 'and no civil suit shall be brought before either of said courts against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant,' the alternative, 'or in which he shall be found at the time of serving such process, or commencing such proceeding,' and adding, 'but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' The last clause is added by way of a proviso to the next preceding clause, which, in its present form, forbids any suit to be brought in any other district than that of which the defendant is an inhabitant, and the effect is that in every suit between citizens of the United States, when the jurisdiction is founded upon any of the grounds mentioned in this section other than the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but when the jurisdiction is founded only on the fact that the parties are citizens of different states, the suit shall be brought in the district of which either party is an inhabitant. And it is established by the decisions of this court that, within the meaning of this act, a corporation cannot be considered a citizen, an inhabitant or resident of a state in which it has not been incorporated, and consequently that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another state, even if the corporation has a usual place of business in that state, McCormick Co. v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942. Those cases, it is true, were of the class in which the jurisdiction is founded only upon the fact that the parties are citizens or corporations of different states. But the reasoning on which they proceeded is equally applicable to the other class, mentioned in the same section, of suits arising under the Constitution, laws, or treaties of the United States; and the only difference is that, by the very terms of the statute, a suit of this class is to be brought in the district of which the defendant is an inhabitant, and cannot, without the consent of the defendant, be brought in any other district, even in one of which the plaintiff is an inhabitant."

In the case at bar the complainants are inhabitants of Tennessee. The defendants are citizens and inhabitants of other states. The suit is one arising under the laws of the United States, viz., Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), as subsequently amended. I am constrained to hold that the plea to the jurisdiction of the court is sufficient, and should be sustained. In the case of Sunderland Bros. v. Chicago, R. I. & P. Ry. Co. (C. C.) 158 Fed. 877, the same conclusion was reached, and the case is very similar to this one.

An order will be entered in conformity with the views herein expressed.