**PERNA v. COFFEY et al. (two cases).**
**Nos. 4625, 4626.**

District Court, W. D. Missouri, W. D.
May 6, 1948.

Kuraner & Kuraner, of Kansas City, Mo., for plaintiffs.

Hogsett, Trippe, Depping & Houts, of Kansas City, Mo., for defendants.

REEVES, District Judge.

An examination of the affidavits submitted by the defendant C. Stewart Gillmor reveals that he has now returned to Kansas City and is a resident of Missouri along with the plaintiffs. A question might arise as to whether this would divest the court of jurisdiction and compel a remand of the cases.

In the very early case of Morgan's Heirs v. Morgan, 2 Wheat. 290, 15 U.S. 290, loc. cit. 295, 296, 4 L.Ed. 242, the Supreme

Court, through its then Chief Justice, John Marshall, said:

"In this case two questions respecting the formal proceedings of the circuit court have been made by counsel for the appellant. The first is, that one of the complainants in the original suit having settled in the state of Kentucky, after this bill was filed, that court could no longer entertain jurisdiction of the cause, and ought to have dismissed the bill. We are all of opinion, that the jurisdiction having once vested, was not divested by the change of residence of either of the parties."

This opinion was followed by the district court of the Northern District of Illinois in Haracovic v. Standard Oil Co., C.C., 105 F. 785. And the Supreme Court of the United States in the more recent case of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, loc. cit. 291, 292, 293, 58 S.Ct. 586, 591, 82 L.Ed. 516, said:

"Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

"Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."

Judge Parker, of the 4th Circuit, in a well considered opinion in the case of Hood v. Bell, 84 F.2d 136, loc.cit. 137, said:

"And that court (the court below), having properly acquired jurisdiction in the first instance, did not lose it because of a subsequent change in the conditions upon which jurisdiction was originally based. It is well settled that jurisdiction depending on diversity of citizenship is not lost by removal or change of citizenship, * * *."

The court cited the early case of Morgan's Heirs v. Morgan, supra, and many other cases to support the proposition.

In view of the above, notwithstanding that there is no longer a diversity of citizenship, yet this court should retain jurisdiction as to the defendant C. Stewart Gillmor.